## Appeal of Publicker Realty & Holding Co.

*Irvin A. Winegrad*, for appellant.

*Joseph H. Lieberman*, for City of Philadelphia.

BOK, P. J., November 29, 1941.—Appellant makes several arguments:

1. The hearing judge should have stricken out plottage because he heard the same case last year and should have remembered what was said about plottage then. The hearing judge, who is writing this opinion, states flatly that he hasn't the faintest idea of what was said about plottage last year and sees no reason why he should. Nothing was said about it this year except an explanation of what it was. If a court is expected to do something it is best to give it some evidence as a basis.

2. The hearing judge should have taken Mr. Harrison's figure of $280,000 for the building, because he was the city's expert and was lower on this element of value than the assessor, although his total value was higher than the assessor's. We know of no authority which compels us to take an expert's figure on any separate element of value whenever it is lower than the assessor's figure. Relief was denied here because no two witnesses agreed on the method of computing value; no two witnesses agreed on even such facts as the number of square or cubic feet in the building, or on the unit value per front foot. Witnesses stated con-

tradictory facts and the record was left that way, without a single word of explanation to help the court decide at least for the side whose witness explained and against the side whose witness didn't. We repeat that one cannot tell the number of feet in a building by looking at the face of a witness who announces a flat figure and fails to go on and tell how it was arrived at, who did the measuring, etc. Had counsel presented some foothold, the hearing judge might have been able to give relief, but on this record there is nothing to stand on. With whatever good will we face our work, we judges need evidence to go on and should not be expected to do magic without some preponderating bulge of evidence.

It should, therefore, be clear that the decision here did not and does not now hang upon the correctness of one element or another. Appellant failed to meet his burden of proof; he has given us no proof that can be intelligently segregated from the rest and be relied upon; and the whole record presents the hopeless confusion of three sets of facts and opinions differing one from another and presenting no perceptible method of reconciliation.

3. Other sale prices, which were excluded by the court but heard in the form of an offer of proof. We know that appellant's expert valued the property at $96 per square foot, and that these other sales brought $65 and $30 per square foot. We believe appellant to be correct in his law that such prices are admissible, and since the city's expert valued the property at $125 per square foot and Mr. Randall at $96, the other prices may have had some effect. Since the figures are in the record, it's hard to see what harm has been done, but technically another hearing should be granted because of an error.

4. Loss in operation. Appellant contends that this should have been permitted in evidence. The hearing judge heartily agrees. In fact. he believes that the

sooner we get down to some intelligent method of deciding these cases, such as by use or earning power, instead of the handful of idiotic generalities we have now, the better off we'll be. But in this case the record *does* show that a "loss" was considered, and the hearing judge would have let in more if the witness had been someone in a position to know. No one connected with the building management was called, however, and if the witnesses who were asked about it had been in possession of accurate and not hearsay information, they were not asked to state how they knew their facts.

We are writing this memorandum in order to be of assistance to counsel at the next hearing. If appellant really has a case it certainly doesn't appear in this record, and we feel that the interests of justice require us to give it another chance to present what it has in more comprehensible form. We suggest that this be done de novo, for the hearing judge is fed up with the case and would rather have it heard by a fresh mind.

A further hearing—or new trial—is ordered.